UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 4:20-CR-00713 ) ) |
| CAMERON TAYLOR, | ) ) |
| Defendant. | ) ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1.   PARTIES:**

The parties are the defendant, CAMERON TAYLOR, represented by defense counsel, William Goldstein, Esq., and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri.   This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri.   The Court is neither a party to nor bound by this agreement.

**2.   GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts 1 and 2, the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's participation in a bank fraud scheme involving 1st Financial Federal Credit Union, Arsenal Credit Union, West Community Credit Union, and Electro Savings Credit Union between June 7, 2016 and October 1, 2020, of

which the Government is aware at this time. In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties is the result of negotiation and led, in part, to the guilty plea.   The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a) as long as notice of any such request be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

**The parties further agree to seek a consolidated sentencing hearing with the above-styled case and Criminal Case Number 4:19CR00394 CDP.**

### 3.   ELEMENTS:

As to Count 1, the defendant admits to knowingly violating Title 18, United States Code, Section 1344, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(1)   the defendant knowingly executed and attempted to execute a scheme to defraud West Community Credit Union, a financial institution, or obtain money, funds, and assets owned by and under the custody and control of the financial institutions by means of false and fraudulent pretenses and representations;

(2)   the defendant acted with the intent to defraud; and,

(3)   the financial institution was insured by the United States Government.

2

As to Count 2, the defendant admits to knowingly violating Title 18, United States Code, Section 1028A, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(1) the defendant knowingly transferred, possessed, or used a means of identification;

(2) the defendant knew that the means of identification the defendant transferred, possessed, or used belonged to another person;

(3) the defendant transferred, possessed, or used the means of identification without lawful authority;

(4) the defendant knew that the transfer, possession, or use of the means of identification was without lawful authority; and,

(5) the defendant transferred or used the means of identification during and in relation to the crimes of bank fraud or social security fraud.

**4. FACTS:**

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On February 5, 2019, in the Saint Louis Metropolitan Area, Defendant applied for a motor vehicle loan from West Community Credit Union in order to purchase a commercial vehicle valued at $40,000.00 from Rush Truck Sports. In support of his application, Defendant used a social security number other than his own, and presented a counterfeit letter from US Bank. The

3

letter falsely claimed that Defendant's account ending in 0785 was in good standing, and had an account balance of $68,491.00. The letter was purportedly signed by a bank representative named J.F. However, J.F. advised law enforcement officials that the signature on the letter was a forgery. Another bank representative advised that neither Defendant nor CJT Enterprises had an account with the number listed on the letter.

On April 21, 2020, the vehicle was repossessed after Defendant advised the credit union where the vehicle could be located. West Community Credit Union reported an outstanding balance of $30,519.45 after the vehicle was resold.

Defendant also applied for a motor vehicle loan from Electro Savings Credit Union in the Eastern District of Missouri. Defendant submitted the loan application to the federally insured financial institution for the purchase of a different commercial vehicle on December 17, 2019. In doing so, Defendant listed his company, CJT Enterprise LLC, as the first borrower, and himself as the second borrower.

Although Defendant negotiated the purchase of the vehicle with the seller, Miller Towing, for $32,000.00, Defendant submitted a fraudulent buyer's order to the financial institution that listed the sales price as being $48,000.00 with sales tax as being $4,194.24. The buyer's order also fraudulently represented that Defendant made a down-payment of $21,191.24 to Miller Towing. In support of his claim of a down-payment, Defendant provided Electro Savings Credit Union with a copy of a check drawn on the Scott Credit Union account of Rush Motor Sports and Sales LLC as if the down-payment had been transmitted through an electronic check. Miller Towing did not receive any down-payment from Defendant, and the Scott Credit Union account of Rush Motor

Sports and Sales LLC had been closed by the financial institution with a negative balance prior to drafting of the check. In fact, Defendant's agent arrived in the Western District of Missouri to complete the transaction with a payment of $31,000.00 rather than the $32,000.00 that was expected. Miller Towing accepted the lesser amount and transferred ownership of the commercial vehicle to Defendant.

Believing Defendant's representations as true, Electro Savings Credit Union noted that the commercial vehicle provided collateral for the loan in the amount of $48,000.00. As of the date of this pleading, the vehicle has not been recovered by Electro Savings Credit Union, and Defendant has not made any payments on the loan.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crime of bank fraud to which the defendant is pleading guilty in Count 1 is imprisonment of not more than 30 years, a fine of not more than $1,000,000.00, or both. The Court may also impose a period of supervised release of not more than 5 years.

The defendant fully understands that the maximum possible penalty provided by law for the crime of aggravated identity theft to which the defendant is pleading guilty in Count 2 is *a mandatory term of imprisonment of 2 years which must be served consecutively with any other term of incarceration imposed for the conviction of access device fraud*, a fine of not more than $250,000.00, or both. The Court may also impose no more than a 1 year period of supervised release.

### 6. U.S. SENTENCING GUIDELINES 2018 MANUAL:

The defendant understands that Count 1 is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense. **However, the defendant acknowledges that the offense of aggravated identity theft charged in Count 2 bears a mandatory term of imprisonment of 2 years that must be run consecutively to any sentence imposed for Count 1.** The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

   **a. Chapter 2 Offense Conduct:**

   **(1) Base Offense Level:** The parties agree that the base offense level is **7** as found in Section 2B1.1(a)(1).

   **(2) Chapter 2 Specific Offense Characteristics**: The parties submit that the following specific offense characteristics apply: **8 levels** should be added pursuant to Section 2B1.1(b)(1)(D) because the loss resulting from the offense was more than $95,000.00, but less than $150,000 and **2 levels** should be added pursuant to Section 2B1.1(b)(9)(C) because the offense involved the violation of a prior specific judicial order not addressed elsewhere in the guidelines.

   **b. Chapter 3 Adjustments:**

   **(1) Acceptance of Responsibility**: The parties recommend that **3 levels** should be deducted pursuant to Sections 3E1.1(a) and (b) because the defendant has clearly demonstrated acceptance of responsibility and timely manifested an intent to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this

6

deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

    **c. Estimated Total Offense Level:** The parties estimate that the total offense level is **14**.

    **d. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

    **e. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    **a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    **(1) Non-Sentencing Issues:** The parties waive all rights to appeal all nonjurisdictional, non-sentencing issues, including, but not limited to, any issues relating to motions, discovery and the guilty plea.

**(2)** **Sentencing Issues:** In the event the Court accepts the plea, and after determining the appropriate Total Offense Level, sentences the defendant within or below the corresponding range, then, as a part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, and after determining the appropriate Total Offense Level, sentences the defendant within or above the corresponding range.

**b.** **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c.** **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

**a.** **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b.   Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**   Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c.   Supervised Release:**   Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.   As a special condition of supervised release, defendant agrees not to initiate any contact, direct or indirect, with victims of the offense or identified government witnesses. These conditions will be restrictions on the defendant to which the defendant will be required to adhere.   Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.   The defendant understands that parole has been abolished.

**d.   Mandatory Special Assessment:**   Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100.00 for each count, for a total of $200.00, which the defendant agrees to pay at the time of sentencing.   Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e.   Possibility of Detention:**   The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f.   Fines, Restitution and Costs of Incarceration and Supervision:**   The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.   The defendant agrees that any fine or restitution imposed by the Court will

be due and payable immediately. The precise amount of restitution is unknown at the present time. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

     g.   **<u>Forfeiture</u>**: The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to a forfeiture money judgment in the amount of $79,994.00. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

     The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United

States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**9.   ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:** In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely

11

and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12. NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

_11/3/20_
Date

_____
TRACY L. BERRY 014753 TN
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

_November 2, 2020_
Date

_____
CAMERON TAYLOR
Defendant

_11/2/20_
Date

_____
WILLIAM GOLDSTEIN
Attorney for Defendant

13